UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JIM ANDREW HENRY,

        Petitioner,        Case No. 1:14-cv-639

v.        Honorable Robert Holmes Bell

SHERRY BURT,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations

Petitioner Jim Andrew Henry is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility. On December 14, 2001, following a jury trial, Petitioner was convicted of two counts of armed robbery, MICH. COMP. LAWS §750.529, and two counts of felony firearms, MICH. COMP. LAWS § 750.227b. Petitioner was sentenced to two terms of 25 to 50 years' imprisonment for each of the armed robbery convictions and two terms of 2 years' imprisonment for each of the felony firearms charges.

Petitioner appealed to the Michigan Court of Appeals, which affirmed his conviction and sentence on July 29, 2003. Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. Petitioner did not file a petition for writ of habeas corpus under 28 U.S.C. § 2254, nor did he seek further review in the state court. Petitioner, represented by counsel, filed his petition on June 16, 2014, concurrently with a request for a stay of the proceedings.

Petitioner raises the following ground for relief:

> I.    JIM ANDREW HENRY'S SENTENCES WERE IMPOSED CONTRARY TO THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

Petitioner raised this ground for relief in a motion for relief from judgment filed on June 10, 2014, and currently pending in the Kalamazoo County Circuit Court. Petitioner states that appeals to the Michigan Court of Appeals and the Michigan Supreme Court may follow. As a result, Petitioner seeks a stay of the proceedings so that he may exhaust his claim prior to consideration of the merits of his petition.

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the

time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner notes that he does not file his application under 28 U.S.C. § 2244(d)(1)(A), and he concedes that were he to have made such an application it would be time-barred. Rather, Petitioner brings his petition under 28 U.S.C. § 2244(d)(1)(C) asserting that it is timely because it was filed within one-year of the United States Supreme Court's decision *in Alleyne v. United States*, 570 U.S. ____, 133 S. Ct. 2151 (2013),[1] which, Petitioner claims, recognized a new right which should be applied retroactively to cases on collateral review.

In *Alleyne*, the Supreme Court overruled *Harris v. United States*, 536 U.S. 545 (2002)[2] and extended *Apprendi v. New Jersey*, 530 U.S. 466 (2000)[3] to facts that increase a mandatory minimum sentence. Reasoning that the *Harris* Court's distinction between facts that increase the statutory maximum and facts that increase a mandatory minimum is inconsistent with *Apprendi*, the Court in *Alleyne* held that

> [a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury.

*Alleyne*, 133 S. Ct. at 2155 (citation omitted). Petitioner relies on *Alleyne* to establish the new right recognized by the Supreme Court and asserts that for purposes of determining timeliness, "the operative date is the date the Court initially recognized the right, not the date on which the issue of

---

[1] *Alleyne* was decided on June 17, 2013. Thus, the petition was filed within one year of the *Alleyne* decision.

[2] In *Harris*, the Supreme Court held that increases in a minimum sentence based on judicial fact-finding do not violate the Sixth Amendment because a minimum sentence does not alter the prescribed statutory maximum. 536 U.S. at 568.

[3] In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

retroactivity is resolved. *Dodd v. United States*, 545 U.S. 353, 357-58 (2005)." (Pet., docket #1, Page ID#4.)

In *Dodd*, the Court considered the operative date from which the limitations period identified in 28 U.S.C. § 2255(f)(3) is measured. Section 2255(f)(3) is the federal analog to § 2254(d)(1)(C). The Court determined that section 2255(f)(3) "identifies *one date and one date only* as the date from which the 1–year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court.'" *Dodd*, 545 U.S. at 358. However, the Court clarified that the second clause of section 2255(f)(3), which states "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review,"

> imposes a condition on the applicability of this subsection. It therefore limits [§ 2255(f)(3)]'s application to cases in which applicants are seeking to assert rights 'newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.' That means that [§ 2255(f)(3)]'s date—'the date on which the right asserted was initially recognized by the Supreme Court'—does not apply at all if the conditions in the second clause—the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review'—have not been satisfied. . . . . Thus, if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion. He may take advantage of the date in the first clause of [§ 2255(f)(3)]'s only if the conditions in the second clause are met.

*Dodd*, 545 U.S. at 358-59.[4] Thus, the instant petition can be considered timely only if it is brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court" and the following two pre-conditions are satisfied: (1) the right is newly recognized by the Supreme Court and (2) it has been made retroactively applicable on collateral review.

---

[4] In dissent, Justice Stevens recognized the anomalous result where "the most natural reading of the statutory text would make it possible for the limitations period to expire before the cause of action accrues." *Dodd*, 545 U.S. at 361 (Steven, J. dissenting).

The Court will assume, without deciding, that *Alleyne* established a new constitutional right. *See Mingo v. United States*, No. 1:13-cv-787, 2013 WL 4499249, at *1 (W.D. Mich. Aug. 19, 2013) (assuming that *Alleyne* established a new constitutional right.); *United States v. Potter*, No. 7:13–7290–DCR, 2013 WL 3967960, at *2 (E.D. Ky. July 31, 2013) (assuming that "*Alleyne* recognized a new right" for purposes of determining the application of § 2255(f)(3)). Thus, to determine whether Petitioner timely filed his petition, I must decide whether *Alleyne* applies retroactively to cases on collateral review.

The Supreme Court did not indicate in *Alleyne* that its holding applies retroactively. "[A] new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). The *Alleyne* rule was announced in a direct appeal without the Supreme Court expressly holding it to be retroactive to cases on collateral review. *See United States v. Redd*, 735 F.3d 88, 91 (2d Cir. 2013). Further, "the clearest instance, of course, in which [the Supreme Court] can be said to have 'made' a new rule retroactive is where [it has] expressly held the new rule to be retroactive in a case of collateral review and applied the rule to that case." *Tyler*, 533 U.S. at 668 (O'Connor, J., concurring). The Supreme Court has not done so.

The Sixth Circuit has held that *Alleyne* does not apply retroactively to cases on collateral review, albeit in a slightly different context. In *In re Mazzio*, ___ F.3d___, 2014 WL 2853722 (6th Cir. June 24, 2014), the Sixth Circuit considered whether to authorize a federal prisoner to file a second or successive motion under 28 U.S.C. § 2255(h)(2) which provides, in pertinent part:

> A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain--

> \* \* \*
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C.A. § 2255. The Court concluded that the Mazzio could not file a second or successive § 2255 petition because

> [e]ven assuming that *Alleyne* announced a new rule, we cannot identify any Supreme Court decision that makes *Alleyne*'s ruling retroactively applicable to cases on collateral review, nor does any language in *Alleyne* suggest that the Supreme Court was making the new rule it announced retroactively applicable to cases on collateral review. Therefore, any new rule announced in *Alleyne* has not been made retroactive to cases on collateral review by the Supreme Court.

*In re Mazzio*, 13-2350, 2014 WL 2853722 (6th Cir. June 24, 2014)

Moreover, in general, "defendants seeking collateral relief may not rely on new rules of criminal procedure announced after their convictions have become final on direct appeal." *Valentine v. United States*, 488 F.3d 325, 328 (6th Cir. 2007) (citing *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004)). There are two limited exceptions to this rule. *See Teague v. Lane*, 489 U.S. 288, 307 (1989) (announcing the two exceptions to the "general rule of nonretroactivity.") "First, the bar does not apply to rules forbidding punishment 'of certain primary conduct [or to] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.'" *Beard v. Banks*, 542 U.S. 406, 416 (2004) (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330 (1989)). Second, the rule of nonretroactivity does not apply to "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 417 (internal quotation marks omitted). The first exception is inapplicable because *Alleyne* does not forbid any punishment whatsoever. With respect to the second exception, the Supreme Court has long emphasized its limited scope, explaining that

> it is clearly meant to apply only to a small core of rules requiring observance of those procedures that . . . are implicit in the concept of ordered liberty. And, because any qualifying rule would be so central to an accurate determination of innocence or guilt [that it is] unlikely that many such components of basic due process have yet to emerge, it should come as no surprise that we have yet to find a new rule that falls under the second *Teague* exception.

*Id*. at 417 (internal quotation marks and citations omitted). Considering this standard, the holding in *Alleyne* clearly does not qualify as a new "watershed rule." Indeed, *Apprendi*, on which *Alleyne* expanded, did not create a "new watershed" rule. *Goode v. United States*, 305 F.3d 378, 384–84 (6th Cir. 2002) (concluding that *Apprendi* was not retroactively applicable to initial § 2255 motions because the *Apprendi* rule does not evoke the second *Teague* exception). There is no reason to conclude that *Alleyne* requires a different result. *See United States v. Sanders*, 247 F.3d 139, 148 (4th Cir. 2001) (noting that "a rule which merely shifts the fact-finding duties from an impartial judge to a jury clearly does not fall within the scope of the second *Teague* exception" (citing *Neder v. United States*, 527 U.S. 1 (1999)).

Finally, other courts that have considered the issue have held that *Alleyne* does not apply retroactively. *See, e.g., In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (holding that *Alleyne* did not retroactively apply to challenges to sentence on collateral review); *United States v. Reyes*, ___ F.3d ___, 2014 WL 2747216 (3d Cir. June 18, 2014) (explaining that "the rule of criminal procedure announced by the Supreme Court in *Alleyne* does not apply retroactively to cases on collateral review"); *Jeanty v. Warden, FCI-Miami*, ___ F.3d ___, 2014 WL 3673382 (11th Cir. July 22, 2014) (concluding that *Alleyne* does not apply retroactively on collateral review).

Accordingly, because *Alleyne* does not apply retroactively, Petitioner cannot rely on § 2254(d)(1)(C) to render his petition timely. Petitioner concedes that his petition is time-

barred under § 2254(d)(1)(A) and the Court can discern no basis upon which to apply § 2254(d)(1)(B) or (D). Consequently, the petition is time-barred and must be dismissed.[5]

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: <u>August 25, 2014</u>                           /s/ Phillip J. Green
                                                       Phillip J. Green
                                                       United States Magistrate Judge


## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

---

[5]Moreover, Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case, nor has he claimed actual innocence.