UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIM ANDREW HENRY,

          Petitioner,

                                    Case No. 1:14-cv-639

v.

                                    HON. ROBERT HOLMES BELL

SHERRY BURT,

          Respondent.

_____/

**ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a habeas corpus petition brought by a state prisoner pursuant to 28 U.S.C.

§ 2254. The matter was referred to Magistrate Judge Phillip J. Green, who issued a Report

and Recommendation (R&R) on August 25, 2014, recommending that this Court deny the

petition as untimely. (ECF No. 4.) The matter is presently before the Court on Petitioner's

objections to the R&R. (ECF No. 5.) Petitioner renews his request to stay proceedings and

administratively close his case.

In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Procedure 72(b)(3), the

Court has performed de novo consideration of those portions of the R&R to which objections

have been made. The Court overrules the objections and adopts the R&R as the Opinion of

this Court.

"[A] general objection to a magistrate's report, which fails to specify the issues of

contention, does not satisfy the requirement that an objection be filed.  The objections must

be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Petitioner objects to the Magistrate Judge's assumption—without deciding—that *Alleyne v. United States*, 570 U.S. ___, 130 S.Ct. 2151 (2013), establishes a new constitutional right, and his determination that *Alleyne* does not apply retroactively to cases on collateral review.

Petitioner's vigorous contention that *Alleyne* does not announce a new constitutional rule is a concession that he does not qualify for relief within the one-year limitations provision under which he seeks relief. *See* 28 U.S.C. § 2244(d)(1)(C). Petitioner admits that his filing is untimely under other provisions of 28 U.S.C. § 2244(d).

Even disregarding this inconsistency in his pleading, the Court agrees with the Magistrate Judge's analysis that *Alleyne* does not apply retroactively to § 2254 cases on collateral review. *See In re Mazzio*, 13-2350, 2014 WL 2853722 (6th Cir. June 24, 2014). Moreover, even if a decision by the Michigan Supreme Court in the case of *People v. Lockridge,* 849 N.W.2d 388 (Mich. Ct. App. 2014), *appeal docketed*, No. 149073 (Mich. 2014), provides an avenue for relief under state law, such a decision will not provide relief under any clearly established federal law because the United States Supreme Court has not made *Alleyne* retroactive to cases on collateral review. Thus, the petition is untimely pursuant to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1)(C).

2

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (ECF No. 5) are

**OVERRULED.**

**IT IS FURTHER ORDERED** that the Magistrate Judge's August 25, 2014, R&R

(ECF No. 4) is **APPROVED** and **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Stay Proceedings (ECF

No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Petition for Writ of Habeas Corpus

(ECF No. 1) is **DENIED**.


Dated: <u>March 10, 2015</u>                    /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE